IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSHUA BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-46 (MTT) |
| | ) |
| Sheriff DAVID DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Joshua Ballard claims defendants Sheriff David Davis, Major Brad Wolfe, Captain Brannon Grace, and Major Eric Woodford of the Bibb County Sheriff's Office were negligent and, under 42 U.S.C. § 1983, deliberately indifferent due to "failure to protect" and "failure to hire." ECF 1 ¶¶ 51-63, 64-74. The defendants move to dismiss, arguing that Ballard's state law claim is barred by official immunity and that his § 1983 claims are barred by qualified immunity. ECF 9. For the reasons that follow, the defendants' motion (ECF 9) is **GRANTED**.

## I. BACKGROUND

At all times relevant to this suit, Ballard was a pretrial detainee at the Bibb County Law Enforcement Center. ECF 1 ¶ 4. On February 6, 2023, two inmates whose cells were unlocked entered Ballard's unlocked cell and dragged him from the top bunk where he had been sleeping. *Id*. ¶¶ 12, 13. The inmates pulled Ballard out of his cell and beat him for roughly 32 minutes before Ballard became unconscious. *Id*. ¶¶ 13, 14. The inmates poured water on Ballard to revive him. *Id*. ¶ 14. They continued to beat him

until he again became unconscious. *Id*. They dragged his body back to his cell while he remained unconscious. *Id*. For three days, Ballard fluctuated between states of consciousness; he would regain consciousness, begin to hallucinate, then lose consciousness once again. *Id*. ¶ 16. Officers of the Bibb County Sheriff's Office discovered Ballard with his injuries in his cell on February 9, 2023. *Id*. ¶15. He was taken to the hospital and treated for nearly three weeks. *Id*. ¶¶ 17, 18. He suffered loss of motor skills and memory and at the time of his release, continued to experience difficulty walking, seizures, ticks, auditory hallucinations, a disoriented consciousness, visual hallucinations, and an impaired ability to care for himself. *Id*. ¶¶ 17, 18, 20.

Ballard's complaint alleges that the defendants were "responsible for supervising and overseeing staff" and knew that their employees were failing to perform headcounts required under Bibb County Sheriff's Office policies. *Id*. ¶¶ 5-8, 33-34, 58. The complaint further alleges that the defendants' "failure to hire a sufficient number of employees … created the conditions under which Mr. Ballard was assaulted and sustained significant injuries." *Id*. ¶ 73. In general, Ballard alleges that the defendants, as supervisors and overseers, failed "to take reasonable measures to guarantee the safety of individuals within their custody." *Id*. ¶¶ 52, 65.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III. DISCUSSION

**A. Qualified Immunity and 42 U.S.C. § 1983 Claims**

"Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Once discretionary authority is established, the

burden then shifts to the plaintiff to show that qualified immunity should not apply." *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009)).

The defendants argue that they were acting within the scope of their discretionary authority and are thus entitled to raise the shield of qualified immunity. ECF 9-1 at 11-12. But in his response to the defendants' motion to dismiss Ballard's § 1983 claims, Ballard does not address qualified immunity beyond a passing mention. *See* ECF 16 at 10 ("Defendants lost their entitlement to qualified immunity when they failed to perform the ministerial duties to enforce the headcount policy pursuant to G.O. 3.7"). In response to the defendants' motion to dismiss Ballard's state law claim, Ballard argues that the defendants are not entitled to official immunity because "Georgia law provides that a written policy, specific directive, or a statute establishes a ministerial duty where the directive is so clear, definite, and certain as to merely require the execution of a specific, simple, absolute, and definite duty, task or action in a specified situation without any exercise of discretion." *Id*. at 8. That may be true as an abstract principle, but it has no application to the facts alleged here.[1] As the defendants point out, they "are alleged to have been acting within their discretionary authority as government officials when supervising other officers at the jail and generally operating the jail." ECF 9-1 at 12. Ballard advances no meaningful argument that the defendants, as supervisors, were not acting within the scope of their discretionary authority, and it is clear that they were. *See, e.g., Daniels v. City of Hartford, Ala.,* 645 F. Supp. 2d 1036,

---

[1] *See Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1265 (11th Cir. 2004) ("[F]or purposes of qualified immunity, a governmental actor engaged in purely ministerial activities can nevertheless be performing a discretionary function.").

1057 (M.D. Ala. 2009) ("[C]ourts have uniformly held that supervision of a jail and training of corrections [] officers is an activity within the discretionary authority" of sheriffs); *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1369 (S.D. Ga. 2015) (collecting cases). The defendants' decisions related to hiring and supervising employees were, unquestionably, "legitimate job-related function[s] that w[ere] within their 'power to utilize.'" *Sumrall v. Ga. Dep't of Corr.*, __ F.4th __, 2025 U.S. App. LEXIS 23243, at *9, 2025 WL 2599427 (11th Cir. Sept. 9, 2025) (citing *Carruth v. Bentley*, 942 F.3d 1047, 1054-55 (11th Cir. 2019)) (explaining that the correct inquiry is not whether department policies authorize an official's actions but "whether the official's actions are of the sort that fall within [the official's] 'arsenal of powers.'").

To overcome a qualified immunity defense, a plaintiff must show that (1) the facts, viewed in his favor, establish a constitutional violation as to each defendant; and (2) the unconstitutionality of the defendants' conduct was clearly established at the time of the alleged violation.[2] *Lewis*, 561 F.3d at 1291. This two-step analysis may be done in whatever order is deemed most appropriate for the case. *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Ballard makes no attempt to show that clearly established law provided the defendants with notice that their alleged conduct would violate the Constitution. *See generally* ECF 16. Ballard points to no materially similar case nor a broader clearly

---

[2] A plaintiff can show that the illegality of the defendant's conduct was clearly established in one of three ways: (1) by pointing to a similar case with indistinguishable facts decided by the Supreme Court, Eleventh Circuit, or relevant state supreme court at the time; (2) by identifying a broader, clearly established legal principle that applies to the facts of the case; or (3) by showing the conduct was so plainly unconstitutional that prior case law is unnecessary. *Stalley v. Cumbie*, 124 F.4th 1273, 1284 (11th Cir. 2024) (collecting cases).

established principle that should apply to the facts alleged here. *See Stalley,* 124 F.4th at 1284. Nor does Ballard raise the "obvious clarity" scenario. *Id*. While the *complaint* appears to acknowledge the clearly established law prong of qualified immunity, Ballard's brief does not. *See* ECF 1 ¶ 54 (alleging "[t]he aforementioned rights to the guarantee of safety while in custody had been clearly established at all times while Mr. Ballard was detained with the Bibb County LEC"), ¶ 67 (alleging [t]he aforementioned rights to the guarantee of safety while in custody had been clearly established at all times that Mr. Ballard was detained with the Bibb LEC"). But even if Ballard had argued those general allegations in his brief, they fall exceptionally short. *See Crocker v. Beatty*, 995 F.3d 1232, 1241 (11th Cir. 2021) (citations omitted) (explaining that courts must not "define clearly established law at a high level of generality"; instead, they "ask whether the violative nature of *particular* conduct is clearly established," which is a question answered "in light of the specific context of the case, not as a broad general proposition.") (citations omitted); *Corbitt v. Vickers*, 929 F.3d 1304, 1316 (11th Cir. 2019) ("[T]he qualified immunity analysis requires a clearly established right to be defined with specificity."). Ballard has made no effort to carry his burden of showing clearly established law, and the defendants are entitled to qualified immunity.

Accordingly, the defendants' motion to dismiss Ballard's claims under 42 U.S.C. § 1983 is **GRANTED**.

**B. State Law Claims**

Ballard also brings a state law negligence claim against the defendants. ECF 1 ¶¶ 43-50. The Court will not address this claim. Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise jurisdiction as to those claims over which it has

supplemental jurisdiction once it has dismissed the claims over which it had original jurisdiction. In exercising its discretion, the court should consider comity, judicial economy, convenience, and fairness to the parties. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994) (finding that the test as outlined in *Gibbs* should be used in accordance with § 1367). The Eleventh Circuit has recognized "that when all federal claims are eliminated before trial, the *Gibbs* factors will ordinarily point toward dismissing the state claims as well." *Edwards v. Okaloosa Cnty.*, 5 F.3d 1431, 1433 (11th Cir. 1993) (citing *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because the Court is dismissing the § 1983 claims against the defendants—the claims over which it has original jurisdiction—the Court declines to exercise supplemental jurisdiction over Ballard's state law claim for negligence. *See Gibbs*, 383 U.S. at 726.

Accordingly, this claim is **DISMISSED without prejudice**.[3]

### IV. CONCLUSION

The defendants are entitled to qualified immunity. Accordingly, the defendants' motion to dismiss (ECF 9) is **GRANTED** and Ballard's § 1983 claims are **DISMISSED with prejudice.** The Court declines to exercise supplemental jurisdiction over Ballard's state law claim and that claim is **DISMISSED without prejudice**.[4]

---

[3] *See* O.C.G.A. § 9-2-61(c) and 28 U.S.C. § 1367(d) regarding renewal.

[4] In his response to the defendants' motion to dismiss, Ballard requests leave to amend his complaint "[i]f necessary." ECF 16 at 13. Ballard's request in a responsive brief is not a proper motion to amend. *See Newton v. Duke Energy Fl., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (internal citations omitted). Accordingly, Ballard's request to amend is **DENIED**.

**SO ORDERED**, this 26th day of September, 2025.

                                                       <u>S/ Marc T. Treadwell</u>
                                                       MARC T. TREADWELL, JUDGE
                                                       UNITED STATES DISTRICT COURT